1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9 AT SEATTLE

10 SUNTRUST BANKS, INC,                          CASE NO. C18-840 MJP

11                          Plaintiff,            ORDER DENYING PLAINTIFF'S
                                                  MOTION TO DISMISS THIRD
12          v.                                    COUNTERCLAIM

13 BE YACHTS, LLC,

14                          Defendant.

15          THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss Defendants'

16 Third Counterclaim.  (Dkt. No. 16.)  The Court has reviewed the Motion, the Response (Dkt. No.

17 18), the Reply (Dkt. No. 19), the Surreply (Dkt. No. 21), and all related papers.

18                                      **Background**

19          On January 29, 2013 Defendant Edward Balassanian and his company, Be Yachts LLC

20 (collectively, "Defendants"), bought a yacht with a 1.8-million-dollar loan from Plaintiff,

21 SunTrust Banks, Inc. ("SunTrust").  (Dkt No. 8, ¶¶ 3.1-3.7; Dkt. No. 1, ¶¶ 9-11.)

22 On February 12, 2016, after a series of missed payments, SunTrust repossessed the yacht and

23 sold it for $1,050,000.00.  (Dkt. No. 1 ¶ 25; Dkt. No. 8, ¶¶ 16-20, 3.5-3.7.)  SunTrust then filed a

24

1 Complaint for Recovery of Debt, bringing claims for breach of contract and breach of the

2 implied duty of good faith and fair dealing. (Dkt. No. 1.) SunTrust seeks to recover outstanding

3 debts and expenses associated with the yacht, including attorneys' fees. (Id. at 1.)

4 In response, Defendants bring three counterclaims based on Article Nine of the Uniform

5 Commercial Code, as adopted in Washington State: (1) Failure to use reasonable care in the

6 preservation of collateral; (2) failure to hold a commercially reasonable sale; and (3) for statutory

7 damages under RCW 62A.9A-625. Plaintiff argues this third counterclaim is an impermissible

8 attempt to "double dip," or Defendants' attempt to receive damages exceeding those that would

9 make them whole.

**Discussion**

10

**I.       Legal Standard**

11

12 Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon

13 which relief can be granted." In ruling on a motion to dismiss, the Court must construe the

14 complaint in the light most favorable to the non-moving party. Livid Holdings Ltd. v. Salomon

15 Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded

16 allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff.

17 Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).

18 Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim

19 to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A

20 claim is plausible on its face "when the plaintiff pleads factual content that allows the court to

21 draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

22 v. Iqbal, 556 U.S. 662, 678 (2009). As a result, a complaint must contain "more than labels and

23

24

1   conclusions, and a formulaic recitation of the elements of a cause of action will not do."

2   Twombly, 550 U.S. at 555.

3       **II.     Motion to Strike**

4       As an initial matter, Defendants move to strike much of Plaintiff's Reply because it raises

5   an argument not discussed in Plaintiff's Motion to Dismiss. In that Motion, Plaintiff solely

6   argues that the statute at issue bars redundant recovery. (Dkt. No. 16.) But Plaintiff makes a

7   separate argument in its Reply: Defendants have engaged in a "consumer goods-transaction" and

8   are therefore barred from recovering statutory damages when the underlying loan exceeds

9   $40,000. (Dkt. No. 19 at 3-9.)

10       As the Court has explained, new arguments should not be reserved for a reply brief, as it

11   gives the opposition no opportunity to respond. Roth v. BASF Corp., Case No. C07-106MJP,

12   2008 WL 2148803, at *2 (W.D. Wash. May 21, 2008); see also United States v. Puerta, 982 F.2d

13   1297, 1300 n. 1 (9th Cir.1992). In this case, Defendants describe evidence in their Surreply that

14   contradicts Plaintiff's argument (Dkt. No. 21 at 3 n.7), but because Plaintiff introduced its

15   argument in reply, Defendants are unable to respond; this is the very harm the rule is meant to

16   prevent. Defendants' Motion to Strike is therefore GRANTED.

17       **III.     Motion to Dismiss**

18       Plaintiff moves to dismiss Defendants' Third Counterclaim, asserting the statute at issue,

19   RCW 62A.9A-625, explicitly bars Defendants from seeking statutory damages when they have

20   already plead claims to eliminate the deficiency judgment and for any surplus. (Dkt. No. 16.)

21   The statute, in relevant part:

22       A debtor whose deficiency is eliminated under RCW 62A.9A-626 may recover damages
        for the loss of any surplus. However, a debtor or secondary obligor may not recover

23       under subsection (b) or (c)(2) of this section . . . to the extent that its deficiency is
        eliminated or reduced under 62A.9A-626.

24

1 | RCW 62A.9A.626(d)(emphasis added).

2 |     Plaintiff's argument fails for three reasons.  First, the Court cannot know at the pleading

3 | stage whether the deficiency will be eliminated or reduced.  Second, pleading in the alternative is

4 | explicitly endorsed by the Federal Rules of Civil Procedure:

5 |         A party may set out two or more statements of a claim or defense alternatively or
        hypothetically, either in a single count or defense or in separate ones.  If a party makes

6 |         alternative statements, the pleading is sufficient if any one of them is sufficient.

7 | Fed.R.Civ.P. 8(d)(2); see also Vernon v. Qwest Commc'ns Int'l, Inc., 643 F. Supp. 2d 1256,

8 | 1266 (W.D. Wash. 2009) (Pleading damages in the alternative is permissible).  And finally, as

9 | Defendants correctly note, Plaintiff's reading of the statute ignores the conditional language "to

10 | the extent that" and would violate a "cardinal rule of statutory construction" by rendering that

11 | language superfluous.  Market Co. v. Hoffman, 101 U.S. 112, 115 (1879).

12 |     Because Plaintiff's argument is contradicted by the statutory text, Federal Rules of Civil

13 | Procedure, and case law, Plaintiff's Motion to Dismiss Defendants' Third Counterclaim is

14 | DENIED.

15 | **Conclusion**

16 |     The Court finds that Defendants' Third Counterclaim states a permissible claim for relief

17 | and therefore DENIES Plaintiff's Motion to Dismiss.  Defendants' Motion to Strike is

18 | GRANTED.

19 |

20 |     The clerk is ordered to provide copies of this order to all counsel.

21 |     Dated April 24, 2019.

22 |

23 |         Marsha J. Pechman

24 |         United States District Judge