THE HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

SUNTRUST BANKS, INC., a Georgia
Corporation,

                 Plaintiff,

     vs.

BE YACHTS, LLC, a Washington Limited
Liability Company, along with its officers,
shareholders, executives and directors, and
EDWARD BALASSANIAN, individually.

            Defendants.

IN ADMIRALTY

Case No.: 2:18-CV-00840

**PRETRIAL ORDER**

JURISDICTION

This is an admiralty and maritime claim within the meaning of Rule 9(h). This Court has

original jurisdiction over this matter in accordance with the provisions of 46 U.S.C. §31325(c).

Because Plaintiff and Defendants are all citizens or legal entities residing in different states, and

the amount in controversy is in excess of $75,000, this Court has diversity jurisdiction over this

civil action under 28 U.S.C. §1332. This Court also subject matter jurisdiction over this admiralty

action for breach of a First Preferred Ships Mortgage under 28 U.S.C. §1333.

CLAIMS AND DEFENSES

The plaintiff will pursue at trial the following claims:

    1.  Breach of Contract

The plaintiff will assert at trial the following affirmative defenses:

    1.  Failure to state a claim for which relief can be granted;

    2.  Full performance of contractual and statutory duties.


The defendant will pursue the following affirmative defenses and/or counterclaims:.

Counterclaims

    1.     Failure to Hold a Commercially Reasonable Sale under RCW 62A.9A-610 and related statutes.

    2.     Damages and Rights Under RCW 62A.9A-625 and related law.

Affirmative Defenses

    1.    **Failure to Mitigate Damages.** Plaintiff has a duty to mitigate its damages, if any; to the extent it has not, its damages, if any, should be barred or reduced accordingly.

    2.    **Offset/Setoff.** Plaintiff's claims are barred, in whole or in part, by the doctrine of offset or set-off.

    3.    **Unclean Hands.** Plaintiff's claims fail, in whole or in part, based on the doctrine of clean hands.


ADMITTED FACTS

The following facts are admitted by the parties:

    1.    On January 29, 2013 Defendants executed a Marine Installment Note.

2. Defendants agreed to repay $1,800,000.00 to SunTrust for the funds it provided for the purchase a 2012 Sunseeker International Manhattan 63 Motor Yacht.

3. SunTrust paid $1,800,000 to Rick Obey & Associates on behalf of Defendants to fulfill their obligations under the purchase contract for the Vessel.

4. The loan was also secured by a First Preferred Ship Mortgage which Defendants executed.

5. Defendant Balassanian also signed a Borrowing and Guaranty Resolution personally guaranteeing the debt.

6. The Marine Installment Note, First Preferred Ship Mortgage, and Borrowing and Guaranty Resolution are all valid contracts.

7. Defendants agreed to repay the $1,800,000.00 they borrowed from SunTrust in 240 monthly installments of $11,632.02 commencing on March 1, 2013.

8. Defendants defaulted on their obligations in late 2014 and the Vessel was repossessed on February 3, 2015.

9. After Defendants redeemed their default in February of 2015, Defendants again began to miss payments.

10. Defendants defaulted under the terms of the Installment Note on November 16, 2015 and failed to correct the default.

11. As a result of Defendants' default, SunTrust exercised its right to accelerate the loan.

12. The vessel at issue ("Just Be") was repossessed on February 12, 2016.

13. On or about February 17, 2016 SunTrust mailed a letter to Defendants which stated in the subject line "Notice of Our Plan To Sell Property".

14. SunTrust received a letter from Fred Robinson dated February 24, 2016.

15. SunTrust or its agents commissioned Bill Evans of Blue Water Marine Surveyors to perform a survey on the Just Be on or about February 23, 2016.

16. SunTrust or its agents commissioned Charles Solarek of CWS Maritime Services to

perform a survey on the Just Be on or about June 9, 2016.

17.   In January 2017, Dean Jones commissioned a pre-purchase condition and valuation survey of the Just Be by Bill Evans of Blue Water Marine Surveyors.

18.   On or about March 24, 2017 SunTrust mailed a letter to Defendants which stated in the subject line "Explanation of Calculation of Deficiency or (Surplus)".

19.   Defendants did not pay the deficiency stated in the March 24, 2017 letter from SunTrust.

20.   SunTrust Financed the loan for Dean Jones to buy the Just Be.

21.   Edward Balassanian used Just Be as a principal dwelling for a period of time.

22.   Rick Young is not licensed as a vessel dealer in Washington State.

23.   Rick Young has sold fewer than 5 boats in Washington State in 2016.


ISSUES OF LAW

The parties agree on the following issues of law:

1.   Whether SunTrust was damaged by Defendants' breach of the installment note.

2.   Whether SunTrust mitigated its alleged damages.

3.   Whether SunTrust violated RCW 62A.9A-610, which mandates that every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable.

4.   Whether Balassanian is entitled to damages under RCW 62A.9A-625.

5.   Whether the Just Be was a "consumer good" as referenced in RCW 62A.9A-625

Plaintiff contends that the following are additional issues of law to be determined by the court:

1.   The issues relevant to whether SunTrust violated RCW 62A.9A-610 are:

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

    a. Whether SunTrust made efforts to reach segments of the public reasonably expected to have an interest in bidding on the vessel;

    b. whether SunTrust engaged in an analysis to determine a fair market price for the vessel.

    c. whether the sale conformed to commercially reasonable standards; and

    d. whether the means and methods of the disposition were overall reasonable under the circumstances.

2. Whether damages under 62A.9A-625(c)(2) are permissive.

3. Whether the phrase "credit service charge" in RCW 62A.9A-625(c)(2) refers to the estimated "Finance Charge" at time of loan origination or accrued interest at the time of loan charge off.

4. Whether Defendant's counterclaims fail to state a claim for relief.

Defendant contends that the following are the additional issues of law to be determined by the court:

Defendant agrees that whether SunTrust made efforts to reach segments of the public reasonably expected to have an interest in bidding on the vessel and whether SunTrust engaged in an analysis to determine a fair market price for the vessel are part of the analysis, but are not in isolation the only metrics to be considered in determining commercial reasonableness. Defendants contend that additional issues of law to be determined by the Court are:

1. Whether SunTrust used its best efforts to sell the collateral for the highest price.

2. Whether SunTrust acted like a fiduciary in its handling of the marketing and disposition of the collateral.

3. Whether SunTrust has rebutted the presumption that the value of the collateral is equal to the outstanding debt.

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

4.   Whether SunTrust has met its burden of proof.

5.   Whether SunTrust's conduct constitutes unclean hands and/or a basis for an equitable offset.

## EXPERT WITNESSES

(a) Each party shall be limited to one expert witness (per LCR 43(j)) on the issues of commercial reasonableness. Plaintiff contends that under the local rule, Defendants are limited to one expert for trial on this entire issue. Defendants contend that they are entitled to present expert testimony on the issue from the expertise of a vessel broker and from the expertise of a marine surveyor.

(b) The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1) On behalf of Plaintiff: None.

(2) On behalf of Defendants:

1.   Ron Reisner
     R. Reisner & Associates, LLC
     1315 Clarabelle Drive
     Morro Bay, CA 93442

Will testify. Mr. Reisner is expected to testify regarding the opinions in his expert report and supplementary report and topics discussed during his deposition.

2.   Neil Emmott
     2711 NE 14th Street
     Fort Lauderdale, FL
     33304

Will testify. Mr. Emmott is expected to testify regarding the opinions in his updated expert report and topics discussed during his deposition.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a) On behalf of plaintiff:

1.   Buck Fowler – Managing Member
     Marine Lenders Services, LLC, dba: Waypoint Marine Group
     Jacobson Terminals, 5350 30th Ave NW
     Seattle, WA 98107

     Will Testify. Mr. Fowler is expected to testify about the recovery, storage, marketing, sale, and liquidation of Balassanian's Motor Yacht JUST BE.

2.   Rick Young – National Sales Director
     Denison Yacht Sales, Inc.
     850 N.E. 3rd Street, #205
     Dania Beach, FL 33004

     Will Testify. Mr. Young is expected to testify about the recovery, storage, marketing, sale, and liquidation of Balassanian's Motor Yacht JUST BE.

3.   Brandy Thore – Repossession Coordinator Manager
     SunTrust Banks, Inc.
     c/o International Maritime Group, PLLC
     800 Fifth Ave, Suite 4100 Seattle, WA 98104
     Dania Beach, FL 33004

     Will Testify. Ms. Thore is expected to testify about the recovery, repair, storage, and liquidation of Balassanian's Motor Yacht JUST BE.

4.   Don Beaumont – Owner
     Nielson Beaumont Marine, Inc.
     2420 Shelter Island Drive
     San Diego, CA 92106

     Will Testify. Mr. Beaumont is expected to testify about the recovery, repair, storage, and liquidation of Balassanian's Motor Yacht JUST BE.

(b) On behalf of defendant:

1.    Edward Balassanian
      c/o Anna Johnsen Law
      1420 Fifth Ave, Suite 2200
      Seattle, WA 98101

      Will testify. Mr. Balassanian is expected to testify about Be Yachts, LLC, how Just Be

was used, facts about Just Be, and his observations of the repossession, storage, marketing, and

sale of Just Be.


2.    John Brandenfels
      12514 NE 65th St.
      Kirkland, WA 98033
      (425) 440-1727

      Will testify. John Brandenfels is expected to testify about how Just Be was used, facts

about Just Be, and his observations of the repossession, storage, marketing, and sale of Just Be.

3.    Fred Robinson
      11027 Marine View Dr. SW
      Seattle, WA 98146

      Will testify. Fred Robinson is expected to testify about his interactions with SunTrust,

Nielsen Beaumont, and the vendors involved in this case. He is also expected to testify about his

observations of the repossession, storage, marketing, and sale of Just Be.


4.    Catheryn Carpenter
      6503 128th Pl SW
      Edmonds, WA 98026
      (608) 661-3064

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

May testify. Ms. Carpenter is expected to testify about Be Yachts, LLC, how Just Be was used, facts about Just Be, and her observations of the repossession, storage, maintenance, marketing, and sale of Just Be.

5.   Nancy Moore
      126 SW 148th Street
      Suite C100-245
      Seattle, WA 98166

May testify. Ms. Moore is Edward Balassanian's accountant and has been since 2006. She has entered every value related to his businesses. She will testify that the Just Be was never used for commercial purposes and the Be Yachts, LLC never carried on any business or generated any income. If it is determined prior to trial that Just Be is a consumer good, then Mrs. Moore will not testify.

6.   David Spencer
      One Liberty Plaza
      23rd Floor
      New York, NY 10006

May testify. David Spencer is Edward Balassanian's tax attorney and has knowledge of Mr. Balassanian's tax history. He is expected to testify that Be Yachts, LLC was a pass-through entity that generated no income and that Just Be was never treated as a commercial asset or used in relation to any of the businesses with which Mr. Balassanian has been involved. Mr. Spencer will also testify how an asset would appear on tax returns if it were used as a business asset. If it is determined prior to trial that Just Be is a consumer good, then Mr. Spencer will not testify.

EXHIBITS

Each exhibit is identified below with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag:

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | ST Marine Installment Note, Disclosure and Security Agrmt. | Stipulated | Stipulated | | |
| 2 | 1st Preferred Ship Mortgage | Stipulated | Stipulated | | |
| 3 | ST Borrowing and Guaranty Resolution | Stipulated | Stipulated | | |
| 4 | Bill of Sale and Transfer of Title | Stipulated | Stipulated | | |
| 5 | USCG Certificate of Documentation | Stipulated | Stipulated | | |
| 6 | Manufacturer's Statement of Origin as to Sunseeker Manhattan 63 | Stipulated | Stipulated | | |
| 7 | 2/18/15 ST Notice of Plan to | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | | | |
|---|---|---|---|---|---|
| | Sell to Be Yachts & Balassanian | | | | |
| 8 | BUCValupro Report dated 2/3/15 | Stipulated | Stipulated | | |
| 9 | 2/11/16 Boat Condition Report | Stipulated | Stipulated | | |
| 10 | 3/24/17 Calculation of Deficiency to Balassanian | Stipulated | Stipulated | | |
| 11 | Katherine (NB) email to Brandy re negotiating offers to $1.1M | Stipulated | Stipulated | | |
| 12 | 9/20/16 Email from R. Young (Silver Seas) attaching offers received | Stipulated | Stipulated | | |
| 13 | 9/19/16 $1.05M Offer (Dean Jones) | Stipulated | Stipulated | | |
| 14 | 7/22/16 $1.1M Offer | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| 15 | 9/15/16 $1.0M Offer | Stipulated | Stipulated | | |
|----|---------------------|------------|------------|--|--|
| 16 | 8/26/16 Emails re taking Just Be to Seattle Boat Show and approval thereof | Stipulated | Stipulated | | |
| 17 | 6/28/16 Email and offer for $1.1M; Brandy counter at $1.35M. | Stipulated | Stipulated | | |
| 18 | 6/15/16 Email from Brandy to reduce listing price to $1.4M | Stipulated | Stipulated | | |
| 19 | 4/26/16 $1.35M Final Offer | Stipulated | Stipulated | | |
| 20 | 4/28/16 Email from Brandy accepting $1.35M offer | Stipulated | Stipulated | | |
| 21 | 4/22 - 4/28/18 Emails re $1.318M | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | | | |
|---|---|---|---|---|---|
| | counter-offer and requesting survey and questions re other showings | | | | |
| 22 | 4/22/16 Email and $1.255M Offer | Stipulated | Stipulated | | |
| 23 | 3/17/16 $1.0M Offer | Stipulated | Stipulated | | |
| 24 | 3/17/16 Email from Brandy re initial pricing of Just Be at $1.7M | Stipulated | Stipulated | | |
| 25 | 2/19/16 Email from Brandy approving Marine Surveyor | Stipulated | Stipulated | | |
| 26 | 3/8/16 Email from Katherine (NB) re inspection of bottom and cleaning as needed | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| 27 | 3/14/16 Email from Don Beaumont re Just Be Valuation | Stipulated | Stipulated | | |
| 28 | 3/7/16 Blue Water Marine Survey | Stipulated | Stipulated | | |
| 29 | 6/9/16 CWS Maritime Services Survey | Stipulated | Stipulated | | |
| 30 | Nielsen Beaumont, Waypoint and repair Invoices (dated 4/1/16 - 3/14/17) | Stipulated | Stipulated | | |
| 31 | SunTrust Master Services Agreement with Nielsen Beaumont dated 10/23/14 | Stipulated | Stipulated | | |
| 32 | SunTrust Statement of Work with Nielsen | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | Stipulated | Stipulated | | |
|---|---|---|---|---|---|---|
| | | Beaumont dated 11/18/14 | | | | |
| | 33 | Initial Report of the entity Be Yachts, LLC, filed on January 28, 2013 with the Washington Secretary of State | Stipulated | Stipulated | | |
| | 34 | *Just Be* Posting and Sold Info on Denison Yachting Online, printout dated 11/21/18 | Stipulated | Stipulated | | |
| | 35 | 2/17/16 Invoice from Nielsen Beaumont to SunTrust | Stipulated | Stipulated | | |
| | 36 | 5 photos of Just Be taken after repossession | Stipulated | Stipulated so long as redacted | | |
| | 37 | Boat Condition Report by Waypoint/Marine | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | | | |
|---|---|---|---|---|---|
| | Lender Services 2/12/16 | | | | |
| 38 | Assignment Details for Just Be dated 1/30/15 and 2/11/16 | Stipulated | Stipulated | | |
| 39 | Nielsen Beaumont Involuntary Recovery dated 2/12/16 | Stipulated | Stipulated | | |
| 40 | Nielsen Beaumont Release of Personal Property dated 2/23/16; and receipts dated 2/23/16, 2/13/16, 2/19/16 | Stipulated | Stipulated | | |
| 41 | Full download of all SunTrust RMS Notes | Stipulated | Stipulated | | |
| 42 | Publicly available | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | | | |
|---|---|---|---|---|---|
| | screenshots of Superyacht Sales and Charter vessel docks and moorage | | | | |
| 43 | Publicly available screenshots of Waypoint Marine Docks | Stipulated | Stipulated | | |
| 44 | Yatco Newsletter Yacht Broker Agent Fees Explained | Stipulated | Stipulated | | |
| 45 | Comps from May 25, 2020 | Stipulated | Stipulated | | |
| 46 | Yachtworld Website Articles | Stipulated | Stipulated | | |
| 47 | Rick Obey & Associates Buyer's closing statement dated 1/1/13 | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| 48 | January 2017 Blue Water Marine Survey | Not Stipulated | Not Stipulated | D | |
| 49 | Defendants' Discovery Responses and Supplemental Discovery Responses | Not Stipulated | Not Stipulated | D | |

Because there is a numbering discrepancy for exhibits numbered 32 and higher, Defendants reserve the right to object if the exhibit actually offered is different from Plaintiff's prior representations.

| **Defendant's Exhibits** | | | | | |
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 101 | Email from Fred Robinson and Nielsen Beaumont's Response | Stipulated | Stipulated | | |
| 102 | Email from Brent Martin and Nielsen Beaumont's Response | Stipulated | Stipulated | | |
| 103 | List of boats for sale at WayPoint Marine | Stipulated | Stipulated | | |
| 104 | Leases and Office Correspondence | Stipulated | Stipulated | | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| | | | | | |
|---|---|---|---|---|---|
| 105 | Survey of Vessel done on behalf of Dean Jones | Stipulated | Stipulated | | |
| 106 | Be Yachts LLC documents from the WA SOS | Stipulated | Stipulated | | |
| 107 | Purchase document showing price of Vessel was $2,461,800.00 | Stipulated | Stipulated | | |
| 108 | Publicly available screenshots regarding Nielsen Beaumont | Stipulated | Stipulated | | |
| 109 | Emails between Cathryn Carpenter and Buck Fowler | Stipulated | Stipulated | | |
| 110 | Transaction Summary Calculating Deficiency | Stipulated | Stipulated | | |
| 111 | SunTrust Record of Payment and Fees | Stipulated | Stipulated | | |
| 112 | Higher quality images of produced comps | Stipulated | Stipulated | | |
| 113 | Print Out from SunTrust Website | Stipulated | Stipulated | | |
| 114 | Article from Denison Yachting | Stipulated | Stipulated | | |
| 115 | Documents from Buck Fowler's fraud case | Stipulated | Disputed | C, R, P, E, 401, 403, 404, 608(b), 802 | |

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| 116 | Photos of Waypoint Marine | Stipulated | Stipulated | | |
|---|---|---|---|---|---|
| 117 | Ron Reisner's CV | Stipulated | Stipulated | | |
| 118 | SunTrust's Discovery Responses Pleading | Stipulated | Stipulated | | |
| 119 | SunTrust's Supplemental Discovery Responses Pleading | Stipulated | Stipulated | | |
| 120 | Invoices and Correspondence showing maintenance and upgrades | Stipulated | Stipulated | | |
| 121 | Ron Reisner's Expert Report | Stipulated | Stipulated | | |
| 122 | Ron Reisner's Supplemental Expert Report | Stipulated | Disputed | N | |
| 123 | Neil Emmott's Updated Expert Report | Stipulated | Disputed | N | |
| 124 | Correspondence sent by Fred Robinson | Stipulated | Stipulated | | |
| 125 | 4 Screen Shots of SunTrust RMS Notes | Stipulated | Stipulated | | |
| 126 | Email from Don Beaumont to Brandy Thore (ST0066) | Stipulated | Stipulated | | |
| 127 | Neil Emmott's First Expert Report | Stipulated | Stipulated | | |

The Parties' Objection Code:

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*

| C | Character Evidence Not Admissible to Prove Conduct |
|---|---|
| R | Relevance |
| P | Probative value outweighed by unfair prejudice and confusing the issues |
| E | Extrinsic evidence not admissible to prove specific instances of witnesses conduct |
| N | The report is not fairly characterized as a supplemental report; it is a new report based on entirely different data and was provided after the deadline to provide expert witness reports. |
| D | Authenticity and admissibility cannot be determined because the exhibit has not been produced in its final form after request by counsel. |

ACTION BY THE COURT

(a)     This case is scheduled for trial without a jury on June 15, 2020, at 9:00 a.m.

(b)     Trial briefs shall be submitted to the court on or before June 5, 2020.

(c)     Pretrial conference to be held on June 10, 2020 at 9:30 a.m.


        This order has been approved by the parties as evidenced by the signatures of their counsel.

        This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.


DATED this 15th day of June, 2020.


_____
MARSHA J. PECHMAN
UNITED STATES DISTRICT JUDGE

FORM APPROVED


  /s/Anna Johnsen_____

Anna K. Johnsen, WSBA No. 44828
ANNA JOHNSEN LAW PLLC
Attorney for Edward Balassanian and Be Yachts LLC
US Bank Centre
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tele: 206.450.4974
Facsimile:  206.770.6104
Email address:  annaj@annajohnsenlaw.com

*Attorney for Defendants*
*Edward Balassanian and Be Yachts, LLC*

INTERNATIONAL MARITIME GROUP, PLLC


By:   */s/ Daniel Armstrong*
Daniel A. Armstrong (Cal Bar No. 270175)
Admitted *Pro Hac Vice*
800 Fifth Avenue; Suite 4100
Seattle, WA 98104
Phone: (206) 992-0710 | Fax: (206) 707-8338
Armstrong@Maritime.Law



By:     */s/ Isaak Hurst*
R. Isaak Hurst, WSBA Bar No. 43679
800 Fifth Avenue; Suite 4100 | Seattle, WA 98104
Phone: (206) 707-8338 | Fax: (206) 707-8338
Hurst@Maritime.Law

*Attorneys for Plaintiff SunTrust Banks, Inc.*

PRETRIAL ORDER
*Suntrust Banks, Inc. v. BE YACHTS LLC, et al.*