UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNTRUST BANKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BE YACHTS, LLC et al., <br><br> Defendants. | CASE NO. C18-840 MJP <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES; <br><br> REQUIRING ADDITIONAL INFORMATION |

THIS MATTER comes before the Court on Plaintiff's Motion for Attorneys' Fees. (Dkt. No. 69.) Having read the Motion, the Response (Dkt. No. 71), the Reply (Dkt. No. 72), and the related record, the Court GRANTS the motion but ORDERS Plaintiff to submit additional information in support of its attorneys' fees.

**Background**

In 2013 Defendant Edward Balassanian through his wholly-owned company, Be Yachts LLC, borrowed $1,800,000.00 from SunTrust Banks to fund the purchase of a 63-foot luxury yacht. Mr. Balassanian signed a SunTrust Marine Installment Note, First Preferred Ship

Mortgage, and a Borrowing and Guaranty Resolution personally guaranteeing the $1,800,000 debt. After Defendants defaulted, Plaintiff repossessed the Yacht on February 12, 2016. On March 10, 2017, the Yacht was sold for $1,050,000, significantly less than the $1,752,761.86 Defendants still owed on the Note.

On June 11, 2018, Plaintiff sued Defendants to recover the deficiency judgment. Plaintiff brought claims for breach of contract and breach of the implied duty of good faith and fair dealing, seeking the $857,979.60 deficiency, accrued interest, costs, and attorneys' fees. Defendants asserted counterclaims for failure to use reasonable care in the preservation of collateral, failure to hold a commercially reasonable sale, and for damages and rights under Washington's Uniform Commercial Code, RCW 62A.9A-625.

On June 30, 2020, following a two-and-a-half-day bench trial, the Court found that Plaintiff was entitled to judgment in its favor in full, awarding Plaintiff $797, 979.60.60. (Dkt. Nos. 67-68.) Plaintiff now brings the present Motion, seeking $267,551.00 in attorneys' fees.

**Discussion**

"Under the so-called 'American rule,' a prevailing party generally cannot recover attorneys' fees from the losing party." Ulloa v. QSP, Inc., 271 Va. 72, 81 (2006). "However, parties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contract dispute." Id. The Court must apply state law in interpreting an attorneys' fees provision of a contract. Franklin Financial v. Resolution Trust Corp., 53 F.3d 268, 273 (9th Cir.1995). Plaintiff's Motion is based on the attorneys' fees provision of the First Preferred Ship Mortgage, which provides:

> Mortgagee may sue any or all parties liable on the Note, jointly and severally, for the deficiency in any appropriate state or federal court and in the event of suit, recover costs and attorneys' fees.

(Dkt. No. 69, Declaration of Isaak Hurst ("Hurst Decl."), Ex. 4, ¶ 7.)

As an initial matter, Defendants argue that the Mortgage and its attorneys' fee provision was superseded by the SunTrust Marine Installment Note, Disclosure Statement and Security Agreement (the "Note"), which includes the following provision: "[This Note] represents the entire agreement between the parties and supersedes any prior or contemporaneous oral or written understanding or representation." (Dkt. No. 71, Ex. 1, Declaration of Anna Johnsen ("Johnsen Decl."), Ex. 1.) Because the Mortgage was executed on the same day, Defendants contend the Note controls. (Dkt. No. 71 at 3.) Plaintiff counters that because at least two separate provisions of the Note reference the Mortgage, it was incorporated by reference. (Johnsen Decl., Ex. 1 at 6.) The Court agrees. In signing the Note, Defendants acknowledged that the Bank had a Preferred Ship Mortgage on the collateral (Id. at 4), and agreed to the following provision:

> If you ask, I will sign any other document you want to have filed or recorded for the purpose of perfecting the security interest I am giving you in this Note including all documents necessary for you to have a properly filed, recorded and perfected Preferred Ship Mortgage on the collateral.

(Id.) And because the Mortgage and the Note are incorporated, the Court considers the terms of the agreements together, including the Parties' agreement that any dispute under the contract is to be governed by Virginia law. (Id. at 7.); see also Plunkett v. Plunkett, 271 Va. 162, 167 (2006) (finding that where a document is incorporated by reference, the court must consider the terms of the agreements together). Because the attorneys' fees clause in the Mortgage controls, the Court does not reach Defendants' arguments regarding whether a separate provision in the Note, not applicable to this case, is ambiguous or "strange." (See Dkt. No. 71 at 6-7.)

Next, Defendants argue the Mortgage was an adhesion contract and was thus unconscionable. (Dkt. No. 71 at 5-6.) "[A]n inequitable and unconscionable bargain" is "one

1 that no man in his senses and not under a delusion would make, on the one hand, and as no fair

2 man would accept, on the other." Flint Hill Sch. v. McIntosh, No. 181678, 2020 WL 33258, at

3 *5 (Va. Jan. 2, 2020) (citing Smyth Bros.-McCleary-McClellan v. Beresford, 128 Va. 137, 170

4 (1920). For there to be unconscionability, the "inequality must be so gross as to shock the

5 conscience." Id. (citing Smyth Bros., 128 Va. at 170). One factor to consider in determining

6 whether a contractual provision is unconscionable is whether the contract is an adhesion contract.

7 Id.

8       Defendants rely exclusively on the recent Virginia Supreme Court case, Flint Hill, in

9 support of their argument. In Flint Hill, the mother of a child enrolled in a private school sought

10 declaratory judgment that the attorneys' fees clause in the contract was unenforceable. Flint Hill

11 Sch. v. McIntosh, No. 181678, 2020 WL 33258, at *1 (Va. Jan. 2, 2020). The provision required

12 parents to pay "all attorneys' fees and costs incurred by Flint Hill School in any action arising

13 out of or relating to this Enrollment Contract." Id. In upholding the circuit court, the Virginia

14 Supreme Court concluded that the attorneys' fees provision was so broad as to be

15 unconscionable, "especially considering the signatories (the parents of students) would have to

16 pay the School's attorneys' fees even if the School was the one to initiate a proceeding

17 eventually found to be without merit." Flint Hill Sch. v. McIntosh, No. 181678, 2020 WL

18 33258, at *6 (Va. Jan. 2, 2020).

19       The attorneys' fee provision in this case is easily distinguishable from the one at issue in

20 Flint Hill. Here, the provision is limited to lawsuits against "parties liable on the Note," and then

21 only when there is a deficiency. (Hurst Decl., Ex. 4, ¶ 7.) This provision is sufficiently limited

22 to a situation where the borrower has breached the contract and the Bank has already taken

23 several steps to recover its loan; the provision is not unreasonably broad. Neither have

24

1  Defendants demonstrated that the inequality between the parties was "so gross as to shock the
2  conscience," as Mr. Balassanian—who created Be Yachts, LLC to limit his tax liability before
3  obtaining the mortgage on the Yacht—could not be described as an unwitting consumer.

4        Finally, Defendants challenge whether Plaintiff was the prevailing party.  While Plaintiff
5  prevailed at trial, Defendants argue that Plaintiff is requesting attorneys' fees for unsuccessful
6  claims and motions.  Under Virginia law, "A prevailing party who seeks to recover attorneys'
7  fees pursuant to a contractual provision such as the one before us has the burden to present a
8  prima facie case that the requested fees are reasonable and that they were necessary."  W.
9  Square, L.L.C. v. Commc'n Techs., Inc., 274 Va. 425, 433 (2007).  A prevailing party "is not
10 entitled to recover fees for work performed on unsuccessful claims."  Ulloa, 271 Va. at 82.
11 Plaintiff has the burden to establish to a reasonable degree of specificity those attorneys' fees
12 associated with its prevailing claim.  Id.

13       The Court finds that Plaintiff is entitled to attorneys' fees, but on its present submission it
14 has not met its burden of demonstrating to a reasonable degree of specificity those attorneys'
15 fees associated with its prevailing claim.  Plaintiff has submitted 120 pages of declarations and
16 exhibits; nearly 75 of those pages are individual billing entries, many of which have been
17 redacted.  The Court finds that in order to meet its burden, Plaintiff must submit specific,
18 unredacted evidence of work performed solely on Plaintiff's successful claim.  Plaintiff may not
19 recover attorneys' fees for time spent on unsuccessful motions, such as its Motion for Partial
20 Summary Judgment (Dkt. No. 16), or for the second Rule 30(b)(6) deposition, where the Court
21 ordered Plaintiff to provide "one or more additional 30(b)(6) witnesses at its expense who will
22 testify for the corporation."  (Dkt. No. 52 at 7 (emphasis added).)  Plaintiff also may not recover
23 the time Mr. Armstrong spent "getting up to speed," especially where that time was duplicative
24

1  of work performed by Mr. Hurst, a lawyer from the same firm.  However, the Court does not find
2  it unreasonable that Plaintiff was represented by two attorneys at trial, or during trial
3  preparations.

**Conclusion**

Therefore, Plaintiff's Motion for Attorneys' Fees is GRANTED in part.  Plaintiff is ORDERD to provide short, unredacted, declarations and exhibits that include billing entries for successful motions or claims by **October 9, 2020.**  Plaintiff's pending Motion for a Bill of Costs (Dkt. No. 70) will be re-noted for the same day.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 28, 2020.

                                        Marsha J. Pechman
                                        United States Senior District Judge