UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNTRUST BANKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BE YACHTS, LLC et al., <br><br> Defendants. | CASE NO. C18-840 MJP <br><br> ORDER DENYING MOTION CONTESTING ATTORNEYS' FEES |

This matter comes before the Court upon Defendants' Motion Contesting Plaintiff's Supplemental Attorneys' Fees Declarations. (Dkt. No. 78.) Having reviewed the Motion, the Response (Dkt. No. 79), the Reply (Dkt. No. 80), and the related record, the Court DENIES the Motion.

**Background**

Defendants Edward Balassanian and Be Yachts, LLC borrowed $1,800,000 from Plaintiff, SunTrust Banks, Inc., to purchase a yacht. When Defendants defaulted on the loan Plaintiff repossessed the yacht and eventually sold it for $1,050,000 and sued for recovery of the

remaining debt. Defendants brought counterclaims for failure to use reasonable care in the preservation of collateral, failure to hold a commercially reasonable sale, and for damages and rights under RCW 62A.9A-625.

Prior to trial in this matter Plaintiff filed two dispositive motions. First, on December 7, 2018 Plaintiff moved for partial summary judgment on Defendants' counterclaim for damages and rights under RCW 62A.9A-625, arguing that if Defendants were successful on their other counterclaims they could not "double dip" by also seeking damages under RCW 62A.9A-625. (Dkt. No. 16.) The Court denied Plaintiff's motion, concluding that Plaintiff's argument was contradicted by the statutory text, Federal Rules of Civil Procedure, and case law. (Dkt. No. 24.)

A year later Plaintiff submitted a motion for summary judgment on its claim for breach of contract and on Defendants' counterclaims for failure to use reasonable care in the preservation of collateral and failure to hold a commercially reasonable sale. (Dkt. No. 30.) Of these, only Plaintiff's motion for summary judgment as to Defendants' counterclaim for failure to use reasonable care was granted. Plaintiff's motion was denied as to the other two claims because Defendants submitted evidence that created a genuine issue of material fact. (Dkt. No. 52 at 10, 11-12.)

The Parties proceeded to trial on Plaintiff's breach of contract claim and Defendants' counterclaims for failure to hold a commercially reasonable sale and for damages and rights under RCW 62A.9A-625. On June 30, 2020, following a two-and-a-half-day bench trial, the Court found that Defendants had breached their contract, Plaintiff had used reasonable care in the preservation of the collateral, used commercially reasonable marketing, and conducted a commercially reasonable sale. The Court therefore concluded that Plaintiff was entitled to judgment in its favor in full and awarded Plaintiff $797,979.60.60. (Dkt. Nos. 67-68.)

1         Following the judgment, Plaintiff filed a Motion for Attorneys' fees seeking $267,551.00
2  for the work of attorneys R. Isaak Hurst and Daniel A. Armstrong and paralegal Adrienne
3  Whitmore.  (Dkt. No. 69.)  On September 28, 2020 the Court held that Plaintiff is entitled to its
4  reasonable attorneys' fees but had failed to meet its burden of demonstrating the submitted fees
5  were reasonable.  (Dkt. No. 74 at 5.)  Finding that the Parties had agreed that any dispute under
6  the contract is to be governed by Virginia law, which does not permit a prevailing party "to
7  recover fees for work performed on unsuccessful claims" Ulloa v. QSP, Inc., 271 Va. 72, 82
8  (2006), the Court noted specific categories of billing entries that are not recoverable including
9  time spent on unsuccessful motions, such as Plaintiff's Motion for Partial Summary Judgment.
10 (Dkt. No. 74 (citing Dkt. No. 16).)  The Court ordered Plaintiff to submit specific, unredacted
11 evidence of work performed solely on Plaintiff's successful claim.
12        On October 9, 2020, Plaintiff submitted supplemental declarations in support of its
13 motion for attorneys' fees.  (Dkt. No. 75.)  In this supplemental submission, Plaintiff requests a
14 total award of attorneys' fees of $232,980.00, representing a total exclusion of $66,360.50 of
15 billing entries in conformance with the Court's Order.  (Dkt. No. 75, Supplemental Declaration
16 of R. Isaak Hurst ("Supp. Hurst Decl."), ¶ 9.)  After reviewing Plaintiff's supplemental
17 declarations, the Court permitted the Defendants an opportunity to contest individual billing
18 entries or categories of billing entries as listed in Plaintiff's supplemental declarations.  (Dkt. No.
19 77.)
20        Defendants have now submitted a motion contesting the supplemental attorneys' fees
21 declarations (Dkt. No. 78).  Defendants seek to reduce the attorneys' fees for Plaintiff's Second
22 Motion for Summary Judgment by $26,482.67 and by $11,670.00 for 31 individual billing
23 entries, totaling a reduction in Plaintiff's requested attorneys' fees of $38,152.67.  Plaintiff has
24

conceded to a reduction of $6,445.0 for the individual billing entries but opposes the remainder of Defendants' motion. (Dkt. No. 79 at 7.)

## Discussion

**A. Fees for Plaintiff's Second Motion for Summary Judgment**

Defendants first challenge Plaintiff's request for fees for its Second Motion for Summary Judgment, which sought judgment on three of Plaintiff's claims: (1) breach of contract (2) failure to use reasonable care in the preservation of collateral and (3) lack of commercial reasonableness (Dkt. No. 30.) The Court denied Plaintiff's first and third requests and granted its second. (Dkt. No. 52 at 13). Defendants therefore request that Plaintiff only recover a third of the fees it billed for drafting the motion.

Under Virginia law, a party can only recover fees for claims on which it prevailed. Ulloa, 271 Va. at 82. However, a party is not per se barred from recovering fees incurred for unsuccessful motions. Dewberry & Davis, Inc. v. C3NS, Inc., 284 Va. 485, 497 (2012). If the party ultimately prevailed on the claim, the trial court will determine the amount of the claimed fees related to the claim, including those for unsuccessful motions, that were reasonable and necessary. Id.

Defendants argue that the Court already ruled that "Plaintiff may not recover attorneys' fees for time spent on unsuccessful motions, such as its Motion for Partial Summary Judgment," so allowing attorneys' fees for work on unsuccessful portions of Plaintiff's Motion for Summary Judgment would be inconsistent. (Dkt. No. 74 at 5 (citing Dkt. No. 16).) But unlike Plaintiff's arguments in its Motion for Partial Summary Judgment, which were contradicted by the statutory text, Federal Rules of Civil Procedure, and case law, Plaintiff's arguments in its second Motion for Summary Judgment were not unreasonable, they were simply defeated by Defendants' evidence, which created a genuine dispute of material fact. (Dkt. No. 52 at 10-13.) Further,

Plaintiff was ultimately successful with the same arguments at trial.  For these reasons, the Court finds that Plaintiff is entitled to attorneys' fees for time spent on its second Motion for Summary Judgment, time that was reasonable and necessary to Plaintiff's ultimate success at trial.

### B.  Individual Entries

Defendants next object to 31 "[i]ndividual problematic billing entries" identified in Exhibit 7 to the Declaration of Anna Johnsen ("Johnsen Decl."), which total $11,670.00 of Plaintiff's requested fees.  (Dkt. No. 78, Ex. 7.)  Plaintiff concedes to the exclusion of some of the individual billing entries identified in Defendants' motion, totaling a concession of $6,445.00.  (Dkt. No. 79 at 5-6.).  The Court finds that Plaintiff has presented reasonable fees as to each of the remaining five contested entries, which are organized below by date and the description provided by Plaintiff for each entry.

**July 13, 2018 Entries** (1.9 hrs): "Received Defendants' Answer to SunTrust's Complaint for Damages.  Researching Federal Court rules for the Western District of Washington relating to service of process and whether by answering a complaint, Defendants' attorney waived service of process on defendant."  (Supp. Hurst Decl. at 12.)  Defendants seek to exclude this time because "Balassanian had already agreed to stipulate to service and so this research was unnecessary."  (Johnsen Decl., Ex. 7 at 29.)  But as Plaintiff notes, "this entry also includes time spent reviewing and analyzing the answer to the complaint and counterclaims, which were received on that date."  (Dkt. No. 79 at 4.)  This is a reasonable amount of time spent in review of the multiple counterclaims and the Answer.

**December 8, 2019 Entries** (2.7 hours): "Review secondary sources on necessary party, prejudice to claims, and mandatory joinder."  (Supp. Hurst Decl. at 60.)  Defendants argue this entry is unreasonable because the deadline had already passed for adding additional parties.

(Johnsen Decl., Ex. 7 at 30.)  Plaintiff counters that these entries reflect research "on whether pressure could be brought to ensure witness cooperation in the case given the recent lack of response SunTrust's attorneys received from key witnesses at the time." (Dkt. No. 79 at 4.)  The Court finds that the few hours spent researching this strategy were reasonable.

**January 8, 2020 Entries** (2 hrs): "Review secondary sources on subpoenas on expert witnesses . . . . Background research on Ron Reisner and Neil Emmott for purposes of drafting deposition subpoenas . . . . Prepare draft subpoena for Ron Reisner . . . . Prepare draft subpoena for Neill Emmott." (Supp. Hurst Decl. at 76.)  Defendants argue this time was unnecessary because Defendants agreed to deposition times and procedures ahead of time and $600 is excessive for filling in the form subpoenas.  (Johnsen Decl., Ex. 7 at 30.)  Plaintiff counters that is common practice to serve a subpoena despite an agreement from the attorney representing an adverse party that a deponent will appear, the subpoena "provides additional protection and rights." (Dkt. No. 79 at 5.)  The Court agrees with Plaintiff, the billing entry is reasonable.

**May 1, 2020 Entries** (4.6 hrs): "Prepared for and attended a joint pretrial conference." (Supp. Hurst Decl. at 86.)  Defendants seek to strike this entry as an excessive amount of time spent in preparation.  (Johnsen Decl., Ex. 7 at 30.)  In response, Plaintiff concedes to an exclusion of part of this entry but argues that "the entry is at the very least sufficient to warrant 1.2 hours of billing time for preparation and attendance at the pretrial conference." (Dkt. No. 79 at 5.)  The Court agrees; a little over an hour preparing for a pretrial conference is reasonable.

**May 7 and 11, 2020 Entries** (7.8 hrs): "Design and draft letters to Rick Young, Don Beaumont, and [B]uck Fowler asking all three to provide witness testimony . . . urge fact witnesses to testify at trial." (Supp. Hurst Decl. at 94.)  Defendants argue this is an excessive amount of time spent urging witnesses to testify.  (Johnsen Decl., Ex. 7 at 30.)  But the Court

finds the time reasonable given that the witnesses in this case spent months failing to answer and were key to defending against Defendants' counterclaims.

**Conclusion**

In conclusion, the Court DENIES Defendants' Motion, after taking into account the conceded reductions from Plaintiff of $6,445.00.  Plaintiff is therefore awarded a total of $226,535.00 in attorneys' fees.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 29, 2020.

Marsha J. Pechman
United States Senior District Judge